OPINION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas which denied appellant's petition for postconviction relief. For the reasons that follow, we affirm the judgment of the trial court.
On appeal appellant, Robert DeTardo, sets forth the following two assignments of error:
 "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY DENYING HIM DUE PROCESS AND EQUAL PROTECTION OF LAW AS GUARANTEED IN THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DISMISSING APPELLANT'S PETITION FOR POST CONVICTION RELIEF.
 "II. R.C. 2953.23 IS UNCONSTITUTIONAL ON ITS FACE AND AS APPLIED TO APPELLANT SO AS TO DENY APPELLANT DUE PROCESS AND EQUAL PROTECTION OF THE LAWS AS GUARANTEED IN THE UNITED STATES CONSTITUTION."
On August 13, 1986, appellant pled guilty in federal court to one count of interstate travel in aid of racketeering, in exchange for a three-year suspended sentence and probation. On December 8, 1987, appellant was arrested in Bowling Green, Ohio, and charged with receiving stolen property. On January 22, 1988, appellant was charged with and found guilty of violating his federal probation, and was committed to the custody of the United States Attorney General to serve his original three-year sentence.
After he was sentenced in federal court, appellant was returned to Bowling Green to await trial on the charge of receiving stolen property. While he was awaiting trial, appellant attempted to escape from jail and, in the process, assaulted a sheriff's deputy. Thereafter, appellant was charged with and pled guilty to one charge of felonious assault, in violation of R.C.2903.11, and one charge of escape, in violation of R.C. 2921.34.
On June 30, 1988, the trial court sentenced appellant to serve an indefinite sentence of eight to twenty-five years for the felonious assault, and six months for the escape. The trial court ordered appellant's sentences be "served consecutively to each other and consecutively to the Federal sentence reimposed on [appellant]." Appellant never appealed his sentence.
After he was sentenced by the trial court, appellant was imprisoned in the Marion Correctional Institution at Marion, Ohio. On June 11, 1993, appellant was considered for parole; however, his request for parole ultimately was denied. On April 7, 1994, Albert Z. Moore, United States Marshal, filed a "detainer" with the records officer at the Marion facility, notifying prison officials of his intent to take custody of appellant after appellant's indefinite state sentence was completed. In October 1997, the parole board again refused to consider appellant's request for parole. The record shows that appellant is not eligible to appear before the state parole board again until April 2000.
On December 4, 1998, appellant filed a petition for postconviction relief in the trial court, in which he stated that he was serving his indefinite state sentence before his definite three-year federal sentence, in violation of R.C.2929.41(C)(4).[1] Accordingly, appellant asserted that his state sentence was "void" or "voidable" and should be vacated or set aside by the trial court. In support thereof, appellant argued that he acquired a "reasonable expectation of finality in his sentence" when he was recommended for parole in 1993. Appellant further speculated that his parole was revoked only after the Parole Board obtained "new confidential information" from the federal detainer.
On December 24, 1998, the trial court dismissed appellant's petition as untimely filed. On January 25, 1999, a timely notice of appeal was filed.
Under R.C. 2953.21(A)(2) a postconviction relief petition must be filed within one hundred eighty days after "the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * * . If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Persons who were convicted prior to September 21, 1995 had one year from that date to file postconviction relief petitions, i.e., all such petitions had to be filed prior to September 21, 1996. See S.B. 4, effective date September 21, 1995.
Pursuant to R.C. 2953.23(A), the trial court "may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)] or a second petition * * * for similar relief" unless both of the following conditions apply:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in division (A)(2)of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
In his first assignment of error, appellant asserts that his late filing should be excused pursuant to R.C. 2953.23(A)(1). In support thereof, appellant argues that the filing of the federal detainer in April 1994 constituted "newly discovered information" pursuant to R.C. 2953.23(A)(1)(a). Appellant further asserts that he has met the condition set forth in R.C.2953.23(A)(2), because his constitutional rights were violated when he was made to serve his indefinite state sentence before serving his three-year federal sentence, in violation of R.C.2929.41(C)(4).
As set forth above, appellant's postconviction relief petition was filed more than ten years after his sentence was imposed, and well after the statutory deadline established by R.C.2953.21(A) had passed. Appellant did not assert, either in his petition or on appeal, that any new state or federal right has been recognized that can be retroactively applied in this case pursuant to R.C. 2953.23(A)(1)(b). Finally, the record clearly demonstrates that, regardless of when the federal detainer was filed, both appellant and the trial court were aware of appellant's three-year federal sentence at the time his indefinite state sentence was imposed.
Upon consideration of the entire record before the trial court and the law, this court finds that neither of the conditions set forth in R.C. 2953.23(A)(1)(a) and R.C. 2953.23(A)(1)(b) has been met in this case. The issue of whether appellant's constitutional rights were violated when he was made to serve the indefinite sentence before the definite sentence is moot. Appellant's first assignment of error is not well-taken.
Appellant asserts in his second assignment of error that R.C. 2953.23(A)(2) is unconstitutional because it prevents appellant, and all other defendants who plead guilty to avoid a trial, from later asserting that an error occurred at sentencing.
Upon consideration of our disposition as to appellant's first assignment of error, we find that the issue raised in appellant's second assignment of error has been rendered moot and need not be considered by this court.
The judgment of the Wood County Court of Common Pleas is hereby affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 _______________________________ JUDGE
 Richard W. Knepper, J.
 _______________________________ JUDGE
 Mark L. Pietrykowski, J.
CONCUR.
 _______________________________ JUDGE
[1] At all times relevant to this case, R.C. 2929.41(C)(4) provided that when indefinite terms of imprisonment are imposed consecutively to definite terms of imprisonment, the indefinite terms are to be served before the definite terms.